J-S01014-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD IRELAND | : | |
| | : | |
| | : | No. 349 WDA 2025 |

Appeal from the Judgment of Sentence Entered February 24, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013588-2017

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: June 30, 2026**

Ronald Ireland appeals from the judgment of sentence imposing three to seven and one-half years of incarceration following the fourth revocation of his probation.  We affirm.

The trial court summarized the procedural history as follows:

On April 23, 2018, Appellant pled guilty to one count each of sexual assault and corruption of minors [in connection with the 2016 sexual abuse of a 14-year-old girl who he had befriended the prior year].  [The trial] court sentenced [Appellant] to five years of probation in the aggregate.  On October 29, 2020, [following a new conviction for aggravated harassment by a prisoner, the] court found Appellant to have violated the terms of his probation.  [The trial] court revoked probation and resentenced Appellant to 364 to 728 days of incarceration, with [three] years of consecutive probation.  On June 12, 2023, [the trial] court found Appellant to have violated the terms of his probation again, revoked his probation[,] and resentenced him to

_____

[*] Former Justice specially assigned to the Superior Court.

[three] to [six] months of incarceration and [five] years of consecutive probation. On September 18, 2023, once again Appellant was found to have violated his probation. [The] court revoked probation and resentenced Appellant to [sixty-six] days of incarceration and [five] years of consecutive probation.

Trial Court Opinion, 5/8/25, at 2-3. (cleaned up) (footnote omitted).

Following a hearing on September 16, 2024, the trial court found that Appellant committed a fourth violation of the terms of probation, but declined the Commonwealth's request to revoke his probation and impose a state sentence. *See* N.T., 9/16/24 at 4-5, 16. Instead, the court recounted all of Appellant's unsuccessful attempts at rehabilitation, "It's like I keep throwing resources in your direction and you keep thumbing your nose at them and then you take off and you're not available to be supervised in the community[.]" *Id* at 12. Having admonished Appellant, the court then extended a final opportunity for him to rehabilitate, cautioning him as follows:

So we'll give [you] one last shot and this will be the last chance. I say that not to be cruel really, not as a threat in any way. Just to be clear, this is it. We don't have anything else to do. The Core [program] is the last best hope you have.

. . . .

Okay. So to be clear, I do find him to be in violation of his probation. For the purpose of the *Gagnon* II [1], I'm not going to

---

[1] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). "A *Gagnon* I hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a *Gagnon* II hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." *Commonwealth v. Stafford*, 29 A.3d 800, 802 n.1 (Pa. Super. 2011) (citation omitted).

resentence now.  . . .  If he runs from [the Core] program or is unsuccessfully discharged, then we have nothing more and we will already have the [presentence investigation ("PSI") report].  We'll have to go back to probations recommendation, which is to revoke and impose a state length sentence.  [Appellant], please [know], I am doing this for you.

*Id*. at 15-16.

The court's reprieve lasted approximately one month before Appellant absconded from the Core program, committing the probation violation that is the basis of the instant appeal.  N.T., 2/25/15, at 4, 15, 18.  The Court described the relevant procedural history thusly:

Next, on February 24, 2025, [the trial] court found Appellant to have violated the terms of his probation for a [fifth] time.  [The] court revoked probation and [immediately] resentenced Appellant to [three to seven and one-half] years of incarceration and [three] years of consecutive probation. [Following the denial of his post-sentence motion challenging the discretionary aspects of his sentence,[2]] Appellant [timely] filed a notice of appeal on March 25, 2025, and a concise statement of errors complained of on April 21, 2025 [wherein Appellant asserted the trial court neglected to consider his rehabilitative needs and responsiveness to treatment].

Trial Court Opinion, 5/8/25, at 3.  The trial court filed a Rule 1925(a) opinion addressing Appellant's claim.  *Id*. at 3-6.

Appellant presents a single issue for our review:  "Whether the [trial] court abused its discretion in imposing a sentence of [three to seven and one-

---

[2] Following probation revocation, the filing of a timely post-sentence motion does not toll the thirty-day appeal period.  Instantly, the Court denied the post-sentence motion and Appellant filed the instant appeal with-in thirty days of the judgment of sentence.

half] years' imprisonment followed by three years' probation because it failed to consider [Appellant's] rehabilitative needs and responsiveness to treatment as required by 42 Pa.C.S.A. § 9725 and 42 Pa.C.S.A. § 9721(b)?" Appellant's brief at 6.

Preliminarily, we observe that the General Assembly recently enacted Act 44 to amend several provisions of the Pennsylvania Sentencing Code relating to probation, *i.e.*, 42 Pa.C.S. § 9771. **See** Act of Dec. 14, 2023, P.L. 381, No. 44, § 9 (effective June 11, 2024). As amended, § 9771 now provides, in relevant part, as follows:

> **(a) General rule.--**The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding by clear and convincing evidence that a person presents an identifiable threat to public safety.
>
> **(b) Revocation.--**The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation. Subject to the limitations of subsections (b.1) and (c), upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.
>
> . . . .

**(c) Limitation on sentence of total confinement.--**There is a presumption against total confinement for technical violations[3] of probation. The following shall apply:

(1) The court may impose a sentence of total confinement upon revocation only if:

(i) the defendant has been convicted of another crime;

. . . .

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

. . . .

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:

. . . .

_____

[3] The Pennsylvania Sentencing Code defines "technical violation" as "[a] violation of the specific terms and conditions of a defendant's probation, other than by the commission of a new crime of which the defendant is convicted or found guilty by a judge or jury or to which the defendant pleads guilty or nolo contendere in a court of record."  42 Pa.C.S.§ 9774.1(k).

> (iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

42 Pa.C.S. § 9771.[4]

> In synthesizing post-Act 44 case law, this Court has observed,

> Act 44 limited a trial court's authority in two ways. First, the General Assembly made subsection (c)'s limitation upon the court's sentencing authority express by adding language making clear that the authority to resentence was expressly limited by other sections of the statute. Second, Act 44 substantially limited the court's resentencing authority under subsection (c), which differs significantly from the prior version.

*Commonwealth v. Jones*, 2026 WL 1078483, at *3 (non-precedential decision) (Pa.Super. 2026) (cleaned up) *citing* *Commonwealth v. Seals*, 353 A.3d 747 (Pa.Super. 2026) (*en banc*). Thus, § 9771(c)(1) controls whether the trial court has authority to impose a period of total confinement for a technical violation of probation, and § 9771(c)(2) governs the statutory authority to impose a sentence of confinement. Furthermore, as it relates to § 9771(c)(2), in *Commonwealth v. Oglesby*, ___ A.3d ___, 2026 WL 847717 (Pa.Super. Mar. 27, 2026), this Court held "that in calculating a probationer's technical violations for purposes of section 9771(c), a [revocation] court must consider only violating behaviors that were

---

[4] In addition to the fact that Appellant's February 2025 sentence was imposed after the Act's June 11, 2024 effective date, this Court has found "by its express terms, Act 44's amendments (other than Section 9774.1) are to be construed retroactively." *See Commonwealth v. Morton*, ___ A.3d ___, 2026 PA Super 95 (Pa.Super. 2026) (cleaned up) (internal citation omitted).

accompanied by a judicial finding that the probationer committed a violation." *Id*. at \*13.

Apparently conceding that the application of 9771(c)(1)(E) and (F) and (c)(2)(iii) were satisfied in this case, Appellant does not assert that the trial court failed to adhere to section 9771(c) in imposing a period of total confinement. Likewise, he does not contend that the trial court erred in considering his probation violations that occurred before the effective date of Act 44. Rather, in a true challenge to the discretionary aspect of sentencing, he contends that the trial court imposed a manifestly excessive sentence, not based on any application of § 9771, but because the court allegedly failed to consider his rehabilitative needs pursuant to § 9721(b). *See* Appellant's brief at 19. For the following reasons, no relief is due.

As Appellant's claim implicates the discretionary aspects of his sentence, we first note that a defendant does not have an absolute right to review such a challenge by this Court:

> Rather, an appellant challenging ;the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up). In addressing whether a defendant has presented a

- 7 -

substantial question, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Rhoades*, 8 A.3d 912, 616 (Pa.Super. 2010) (cleaned up).

Appellant timely appealed and preserved this issue in his post-sentence motion. He also included a Pa.R.A.P. 2119(f) statement in his brief, asserting that he raised a substantial question because the court imposed a manifestly excessive sentence insofar as it failed to consider his rehabilitative needs. *See* Appellant's brief at 19. We have found similar claims to constitute a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question").

Turning to the merits of Appellant's claim, our standard of review is as follows:

> Appellant must demonstrate that the sentencing court abused its discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Solomon*, 247 A.3d at 1168 (cleaned up).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the

impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa.Super. 2022) (cleaned up). Furthermore, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

With this background in mind, we address Appellant's argument that the trial court erred by imposing the revocation sentence without considering his rehabilitative needs as required by 9721(b). Appellant's brief at 19-24. First, Appellant contends that the trial court's reference to the PSI is insufficient to establish that the court contemplated it along with the other mitigating statutory factors. *Id*. at 22. Specifically, he argues that, beyond asking Appellant if he wanted an updated PSI and accepting his concession to the report's accuracy, "the . . . court never discussed any of the information— good, bad, or neutral—contained in [the report.] " *Id*. Next, he assails the trial court for noting his numerous failed [Justice Related Diversion Services ("JRS")] placements while failing to explain why "it rejected [his] most recent JRS plan which included a structured environment." *Id*. at 23. He argues that

- 9 -

a "JRS placement would have enforced the degree of structure all parties agree [Appellant] needed[,]" the court failed to consider Appellant's rehabilitative needs, and it erred in "focusing only on his history of supervision[.]" *Id*. at 24.

We find no abuse of discretion with the trial court's sentence. More particularly, we reject Appellant's assertion that the court failed to deliberate upon his rehabilitative needs. First, it is established in our jurisprudence that where a trial court was informed by a PSI report, we "presume that the sentencing judge was aware of relevant information . . . and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). We reject Appellant's argument that the trial court's reference to the PSI report was insufficient to affect the presumption outlined in *Devers* because the court did not discuss aspects of the report in open court prior to sentencing him. Appellant's contention ignores the presumption's well-ensconced purpose, which our High Court highlighted thusly:

> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the [PSI] report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish,

- 10 -

indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Id*

Similarly unpersuasive is Appellant's assertion that the trial court disregarded his rehabilitative needs by declining to return him, once more, to JRS placement, which he argues would have provided a more structured environment. Appellant's brief at 24. He continues that by forgoing JRS placement in favor of incarceration, the trial court elevated Appellant's failed history of supervision over his current rehabilitative needs. The certified record belies this contention.

During the proceedings, Probation Officer Douglas Thase summarized Appellant's history of supervision, including electronic monitoring, and his failed placements in inpatient facilities and community residential rehabilitation programs. N.T., 2/24/25, at 15, 17. Additionally, Officer Thase highlighted that, in separate incidents that occurred during Appellant's periods of probation, Appellant both evaded supervision for one year and absconded from a structured mental health program after refusing to submit to a drug screen. *Id* at 15, 16, 18. After considering Appellant's record of supervision, and his failure to complete sex offender treatment, the trial court opined that Appellant "exhausted all community supervision options," a conclusion that Officer Thase confirmed. N.T., 2/24/25, at 15-17. Thereafter, Appellant both declined the court's offer to update the most recent PSI report that was dated

May 30, 2023, and attested to its accuracy. *Id* at 22-23. Finally, upon reviewing Appellant's sentencing history, the court opined,

> So at this point in time, I do not see any benefit with doing the same thing over and over again and expecting a different result. He left the CORE placement . . . very quickly.
>
> . . . .
>
> All right, So in light of his terrible supervision history and the programs that we have tried, at this point there's nothing left for me to do, and I am going to revoke him and impose a state length sentence.

*Id*. at 24-25. The court thereupon imposed the above-mentioned term of three to seven and one-half years of incarceration.

In sum, the trial court considered all necessary factors and properly placed the reason for the sentences on the record, expressly articulating its reasoning for fashioning a state sentence because Appellant's treatment history established that he was unaffected by the numerous prior attempts at treatment and rehabilitation. Appellant's contrary assertions are unconvincing. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/30/2026

- 12 -